UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JIMMIE STEPHENS,                                                                  Civil Action No.


                    Plaintiffs,

      -against-                                                                         COMPLAINT

DELTA AIRLINES, INC.,

                  Defendants,
------------------------------------------------------------------------X

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW JIMMIE STEPHENS, Plaintiff herein, complaining of the defendant herein, DELTA AIRLINES, INC, and for cause of action would show unto the Court the following:

**A.  Parties**

1. That at all times mentioned herein, and on June 5, 2021, the Plaintiff, JIMMIE STEPHENS, is/was a natural person and citizen/resident of the County of New York, City and State of New York;

2. That at all times mentioned herein, and on June 5, 2021, the defendant, DELTA AIRLINES, INC., is/was a foreign business corporation duly registered and authorized to do business in the State of New York with a principal place of business, headquarters, base of operations and nerve center located in Atlanta, Georgia.  Defendant is incorporated under the laws of the State of Delaware.  Defendant operates scheduled air service to John F. Kennedy International Airport, County of Queens, State of New York.

3. That at all times mentioned herein, and on June 5, 2021, the defendant, DELTA AIRLINES,

1

INC., transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce;

### B.  Jurisdiction

4.  The Court has jurisdiction over the lawsuit because the suit arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transport by Air, S. Treaty Doc No. 106-45 (2003) ("Montreal Convention") Article 33.

### C.  Venue

5.  Venue is proper in this district under Article 33 of the Montreal Convention because DELTA AIRLINES, INC., operates scheduled flights in this district.

### D.  Conditions Precedent

6.  All conditions precedent, if any, have been performed or have occurred.

### E.  Facts

7.  Defendant, DELTA AIRLINES, INC., is a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled international flights.

8.  On June 5, 2021, Defendant DELTA AIRLINES, INC., operated Flight DL1874 from John F. Kennedy International Airport to San Jose del Cabo, Mexico (hereinafter "Flight DL1874"). 9.   Defendant, DELTA AIRLINES, INC., was the employer of the crew and flight attendants

2

on Flight DL1874.

10. Defendant DELTA AIRLINES, INC., was responsible for the actions of the flight crew on Flight DL1874.

11. On June 5, 2021, Plaintiff was a fare-paying passenger on Flight DL1874.

12. Through no fault of his own the Plaintiff was severely burned when a Flight DL1874 crew member caused hot coffee to fall/spill onto his body and lap.  His injuries include, but are not limited to, bodily injury and severe burns to the legs, groin, and torso, resulting in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical treatment, other damages, loss of income and medical expenses.

### F.  Causes Of Action, DELTA AIRLINES CO. LTD

13. Defendant DELTA AIRLINES, INC., signed and incorporated into its tariffs the Montreal Convention to assume unlimited liability for compensatory damages for passenger injury and death caused by an accident within the meaning of Article 17 of the Montreal Convention.  Pursuant to Montreal Convention Article 21(1), Defendant DELTA AIRLINES, INC., shall not be able to exclude or limit its liability up to 100,000 Special Drawing Rights (SDRs).

14. Pursuant to Montreal Convention Article 21(2), Defendant DELTA AIRLINES, INC., is further liable to Plaintiff for all compensatory damages unless it can prove the damages were solely due to the negligence or wrongful act of a third party.

15. Pursuant to Montreal Convention Article 21(2) it is Defendant DELTA AIRLINES, INC's burden to establish absence of fault.

16. Defendant DELTA AIRLINES, INC's negligence, its disregard for passenger safety, its failure to properly hire, train, retain and supervise its crew members, and its failure to oversee

that its agents safely transport passengers, proximately caused the accident and Plaintiff's injuries.

17. Defendant DELTA AIRLINES, INC., was at all relevant times a common carrier and owed Plaintiff the highest degree of care.

18. Defendant DELTA AIRLINES, INC., breached its duties to Plaintiff and is strictly liable to Plaintiff for his full measure of damages.

## G.  Damages

19. As a direct and proximate result of Defendant DELTA AIRLINES, INC's conduct, the Plaintiff suffered the following injuries and damages:

   a. Medical expenses in the past and future.

   b. Physical pain in the past and future.

   c. Mental anguish and suffering in the past and future.

   d. Disfigurement in the past and future.

   e. Loss of the enjoyment of life in the past and future.

   f. Lost earnings in the past and future.

## H.  Jury Demand

20. Plaintiff respectfully requests that a jury be convened to try the factual issues of this case.

## I.  Prayer

21. Plaintiff respectfully prays that he recover judgment of and from Defendant DELTA AIRLINES, INC., for damages described herein, plus all costs of court, prejudgment interest at the maximum legal rate, postjudgment interest at the maximum legal rate, and all other relief, both general and special, at law or in equity, to which plaintiff is justly entitled under the facts and circumstances.

Dated:  New York, NY
         July 20, 2022

         Yours, etc.,

         */s/ Christopher Cellante*

         Christopher Cellante, Esq.
         HACH & ROSE, LLP
         Attorney for Plaintiff
         112 Madison Avenue, 10th Floor
         New York, New York
         T.212.779.0057

STATE OF NEW YORK     }
                      } ss.
COUNTY OF NEW YORK    }

Christopher Cellante, being duly sworn, deposes and says:

That deponent is a member with HACH & ROSE, L.L.P., attorneys for Plaintiff, in the within action; that the deponent has read the foregoing **COMPLAINT** and knows the contents thereof; that the same is true to deponents knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reasons that this verification is not made by the Plaintiff and is made by deponent is that Plaintiff does not reside in the county where the attorney for the Plaintiff have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's beliefs as to all matters not stated upon deponent's knowledge are from investigation made on behalf of Plaintiff.

DATED:   NEW YORK, NY
         July 21, 2022

_____
Christopher Cellante, Esq.
HACH & ROSE, LLP
Attorney for Plaintiff
112 Madison Avenue, 10th Floor
New York, New York
T.212.779.0057